### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INA LOU BOONE, ) | |
| ) | |
|           Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1069-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
|           Defendant. ) | |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered August 24, 2009 [Doc. No. 28] and Plaintiff's Objection to the Report and Recommendation filed September 14, 2009 [Doc. No. 29]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff asserts that the Magistrate Judge's conclusion that "the ALJ's consideration of other evidence in the record beyond Plaintiff's earnings record was well within the ALJ's discretion and consistent with the regulations," Report and Recommendation at p. 6, is a misreading of the regulations and error. The Court agrees. The ALJ found that Plaintiff earned $6,040.77 in 2005 and $7,139.64 in 2006. AR at 13. Accordingly, Plaintiff's average monthly earnings for 2005 were $503.00 and for 2006 were approximately $595.00. The applicable regulation for determining whether an applicant who is an employee has engaged in substantial gainful activity since his or her alleged disability onset date provides in

pertinent part as follows:

> If you are working or have worked as an employee, we will use the provisions in paragraphs (a) through (d) of this section that are relevant to your work activity.
>
> 20 C.F.R. § 404.1574(a)
>
> (1) Your earnings may show you have done substantial gainful activity. Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity. We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings. The amount of your earnings from work you have done (regardless of whether it is unsheltered or sheltered work) may show that you have engaged in substantial gainful activity. Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity. We generally consider work that you are forced to stop or to reduce below the substantial gain activity level after a short time because of your impairment to be an unsuccessful work attempt. Your earnings from an unsuccessful work attempt will not show that you are able to do substantial gainful activity. We will use the criteria in paragraph (c) of this section to determine if the work you did was an unsuccessful work attempt.
>
> 20 C.F.R. § 404.1574(a)(1).

Pursuant to 20 C.F.R. § 404.1574(b) and POMS DI 10501.015, the threshold monthly earnings that constitute "substantial gainful activity" ("SGA") for 2005 was $830.00 per month and for 2006 was $860.00 per month. Section 404.1574(b)(3)(I) provides that if a person's average monthly earnings are below the threshold amounts for the years in which an individual works, the Social Security Administration will generally consider the employee has not engaged in SGA and will not consider other information beyond earnings:

> (I) General.  If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee (including earnings from work in a sheltered work-shop or comparable facility) will show that you have not engaged in substantial gainful activity.  We will generally not consider other information in addition to your earnings except in the circumstances described in paragraph (b)(3)(ii) of this section.

20 C.F.R. § 404.1574(b)(3)(I).

Section 404.1574(b)(3)(ii) sets forth when information other than earnings will be considered for an applicant whose average monthly earnings are less than the amount that presumptively constitutes SGA:

> (ii) When we will consider other information in addition to your earnings.  We will generally consider other information in addition to your earnings if there is evidence indicating that you may be engaging in substantial gainful activity or that you are in a position to control when earnings are paid to you or the amount of wages paid to you (for example, if you are working for a small corporation owned by a relative).  (See paragraph (b)(3)(iii) of this section for when we do not apply this rule.)  Examples of other information we may consider including, whether –
>
>> (A) Your work is comparable to that of unimpaired people in your community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work; and
>
>> (B) Your work, although significantly less than that done by unimpaired people, is clearly worth the amounts shown in paragraph (b)(2) of this section, according to pay scales in your community.

20 C.F.R. § 404.1574(b)(3)(ii).

The ALJ made no finding that Plaintiff was working for a relative or that Plaintiff's work was comparable to that of unimpaired people in Plaintiff's community doing the same or

similar occupations as their source of livelihood, taking into account the factors set forth in § 404.1574(b)(3)(ii)(A), or that Plaintiff's work, although significantly less than that done by unimpaired people is worth the threshold SGA amounts, according to pay scales in her community.  Nor did the ALJ set out any other cogent explanation as to why she found Plaintiff was or had been engaging in SGA even though her earnings were below what is presumptively SGA, *e.g.,* that Plaintiff was in a position to control the amount of wages paid to her.  Absent such findings, the ALJ's conclusion that Plaintiff had engaged in SGA since August 15, 2005 was contrary to law, *see Arshad v. Astrue*, 2009 WL 996055 at *5 (S.D.N.Y. April 6, 2009)(No. 07-CV-6336(JSR)(KNF), *adopted*, 2009 WL 2742548 (S.D.N.Y. Aug. 28, 2009)(No. 07-CIV-6336JSR), and the Magistrate Judge's conclusion that the record provided substantial evidence to support the ALJ's finding that Plaintiff was engaging in SGA after her alleged disability onset date, Report and Recommendation at p. 6, is in error.

The Report and Recommendation of the Magistrate Judge [Doc. No. 28] is REJECTED, the decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this Order.

IT IS SO ORDERED this 17th day of September, 2009.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE